IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NDABEZINHLE MOYO,                         *

    Plaintiff,
                                             *

v.                                        CIVIL NO. WDQ-12-1665

DEPARTMENT OF DEFENSE, et al.,            *

    Defendant.
                                        ******

## MEMORANDUM

On June 6, 2012, Plaintiff Ndabezinhle Moyo, a resident of Alberta, Canada, filed this Complaint and Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 1, 2. For the following reasons, the Court will grant the Motion for Leave to Proceed in Forma Pauperis, and dismiss the Complaint without prejudice.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must plead "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561.

Further, under Fed. R. Civ. P. 8(a), a complaint shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the

pleader is entitled to relief, and (3) a demand for the relief sought...." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 555).

The Court has thoroughly examined the Complaint and finds it insufficient. Instead of a concise statement of facts as to the underlying cause of action, the Complaint is replete with legal statements and conclusions. Affording it a generous construction, the Court cannot determine the precise nature and jurisdictional basis of the Complaint; one can only imagine the difficulties that would ensue were the Defendants to try to answer the Complaint. It is well-settled law that a complaint's allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A .*, 534 U.S. 506, 512, (2002) (internal quotation marks omitted). The Complaint satisfies neither requirement. Thus, the Complaint will be dismissed without prejudice by separate order, which follows.

\_\_6/18/12_____
Date

_____
William D. Quarles, Jr.
United States District Judge